IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH HOLMES, | CIVIL ACTION |
| *Plaintiff,* | |
| v. | No.: 19-cv-3231 |
| CITY OF PHILADELPHIA LAW DEPARTMENT, | |
| AND | |
| PHILADELPHIA POLICE OFFICER DAVID WRIGHT | |
| AND | |
| PHILADELPHIA POLICE OFFICER SIMON THOMPSON SEMONE, | |
| *Defendants.* | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                    **NOVEMBER 25, 2019**

Presently before the Court is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).[1]

**BACKGROUND**

Keith Holmes has filed a complaint against the City of Philadelphia Law Department and Philadelphia Police Officers David Wright and Simon Thompson (misnamed in the caption as Simon Thompson Semone). The complaint contains three counts. Count One is a claim against

---

[1] This action has been removed from the Philadelphia Court of Common Pleas. Jurisdiction rests in this Court under 28 U.S.C. §1441 because the complaint contains allegations of violation of the Plaintiff's federal civil rights and seeks relief under 42 U.S.C. §1983.

the City of Philadelphia under *Monell v. Department of Social Services of New York City,* 436 U.S. 658 (1978). Plaintiff agrees with the defense that this claim should be dismissed, and we shall do so.

Count Two and Count Three allege malicious prosecution and "arrest without probable cause" respectively.

## **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). In deciding a motion to dismiss under Rule 12(b)(6), courts must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Davis v. Wells Fargo*, 824 F. 3d 333, 341 (3d Cir. 2016) (quoting *Foglia v. Renal Ventures Mgmt., LLC*, 754 F. 3d 153, 154 n.1 (3d Cir. 20140) (internal quotation marks omitted). However, courts need not "accept mere [ ] conclusory factual allegations or legal assertions." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F. 3d 125, 133 (3d Cir. 2016) (citing *Iqbal*, 556 U.S. at 678-79). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. Finally, we may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents." *Davis*, 824 F.3d at 341 (quoting *Mayer v. Belichek*, 605 F. 3d 223, 230 (3d Cir. 2010)) (internal quotation marks omitted).

## RELEVANT ALLEGATIONS IN THE COMPLAINT

The following paragraphs taken from the complaint we find are most relevant to the current discussion:

9. On or about August 2, 2016 at approximately 4:30 a.m., Philadelphia Police Officers David Wright and Simon Thompson Semone responded to a radio call of an unresponsive male behind the wheel of a vehicle at 2446 S. 28th Street, Philadelphia, PA.

10. Upon their arrival at 2446 S. 28th Street Philadelphia, PA, Philadelphia Police Officers David Wright and Simon Thompson Semone found plaintiff, Keith Holmes asleep behind the wheel of the vehicle.

11. Defendant police officers attempted to wake plaintiff up when they detected a strong odor of alcohol coming from the plaintiff.

12. When the plaintiff awoke, according to the defendant police officers, he was in a stupor, he did not know where he was and was unable to give the police his name.

13. Philadelphia Police Officers David Wright and Simon Thompson Semone observed that the plaintiff had glassy and bloodshot eyes and could not stand up on his own.

14. Based on this information, defendants, Philadelphia Police Officers arrested the plaintiff for suspicion of Driving Under the Influence, 75§ 3802 §§ A1.

15. Plaintiff was prosecuted by the Philadelphia District Attorney's Office based on the allegations made by the defendant police officers.

16. As a direct and proximate result of the actions or inactions of the defendants, plaintiff was arrested and charged with the following crimes: Driving Under the Influence, 75§ 3802 §§ A1, which were dismissed on October 3, 2018 by the Honorable Karen Y. Simmons when she dismissed the matter for lack of prosecution.

17. The police paperwork (discovery) does not indicate that the plaintiff was in actual operation of the motor vehicle. The facts reported by the police in their reports do not indicate that the vehicle had keys in the ignition, that the vehicle was running, that the vehicle was in a lane of traffic.

**DEFENSE ARGUMENT**

Defendants argue in their brief in support of the motion to dismiss (Doc. No. 2, pp 7) the following:

> The Court should dismiss Counts 2-3 because Plaintiff fails to adequately plead a false arrest claim or a malicious prosecution claim. In order to state either type of claim, a complaint must plead facts which plausibly suggest that an officer lacked probable cause to make an arrest. *See Suchocki v. Gilchrist*, 598 F. App'x 91, 91 (3d Cir. 2015) (noting that a lack of probable cause is an element of a false arrest claim); *DiBella v. Borough of Beachwood*, 407 F. 3d 599, 601 (3d Cir. 2005) (noting that malicious prosecution requires a lack of probable cause). Probable cause exists if "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person arrested." *Orsatti v. N.J. State Police*, 71 F. 3d 480, 483 (3d Cir. 1995).
>
> Plaintiff alleges in paragraph 14 of his complaint that he was charged with violating 75 Pa. Cons. Stat § 3802 (a)(1), which bars individuals from being in "physical control" of a vehicle "after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." In *Commonwealth v. Leib*, 588 A.2d 922 (Pa. Super. Ct. 1991), the Superior Court held that a police officer had probable cause to make an arrest under the predecessor of § 38002(a)(1). *Id*. at 930-931. The court noted that the officer found an unconscious driver, that the officer had to make "several attempts" to rouse the driver, and that the driver "smelled of alcohol" and had watery eyes with slurred speech. *Id*. at 931. The court then found that "the above-mentioned facts were sufficient to provide Officer Becker with probable cause to arrest." *Id*. Importantly, the court did not discuss the location of the driver's keys in determining whether probability cause existed. *See Id*.

## **DISCUSSION**

Keith Holmes was arrested for violating the following section of Pa. Motor Vehicle Code which states:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

*See* 75 Pa. C.S.A. § 3802(a)(1).

The question before this Court is, does the complaint sufficiently allege that the police officer defendants lacked probable cause to arrest Keith Holmes for violation of the above-section of the vehicle code? We think the answer is yes.

In essence the complaint alleges that the police officer defendants arrested Keith Holmes when they found him sleeping in an automobile at 2446 S. 28th Street, Philadelphia, PA. When they attempted to wake him up, they detected a strong odor of alcohol coming from him. They observed that he had glassy and blood shot eyes and could not stand on his own. As set forth in paragraph 17 of the complaint above, there is no allegation in the police paperwork that indicates the plaintiff was actually operating the vehicle. Plaintiff is entitled to discovery to find out from the arresting officers what their basis was for determining that the plaintiff was "driving, operating or in the actual physical control of the movement of the vehicle" in which he was sleeping when the officers found him. For example, the plaintiff should know whether the officers found a key in the ignition, was the motor of the vehicle running, was the vehicle parked at the curb in a driveway or in the middle of the road?

As matters stand now, the plaintiff knows none of these factors that the police officers may have used to determine that he was operating the motor vehicle. This may be explained by

the fact that the case was dismissed for lack of prosecution. Comp, par: 16.

For the same reasons we deny the individual Defendants' claim of qualified immunity.

We therefore enter the following order: